# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHROCK SERVICES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| IFS NORTH AMERICA, INC., PROV | § | |
| INTERNATIONAL, INC., JOSHUA | § | |
| WARREN, and ANDREW RITT, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF DOCUMENTS

| Date Filed | Description | App |
|---|---|---|
| | List of Counsel | 001 |
| | State Court Docket Sheet | 002 |
| 11/5/2020 | Plaintiff's Original Petition filed in the 334th Judicial District Court of Harris County, Texas | 003-018 |
| 11/5/2020 | Civil Case Information Sheet | 019-020 |
| 1/29/2021 | Defendants IFS North  America, Inc.'s and Andrew Ritt's Original Answer | 021-024 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHROCK SERVICES, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| IFS NORTH AMERICA, INC., PROV | § | |
| INTERNATIONAL, INC., JOSHUA | § | |
| WARREN, and ANDREW RITT, | § | |
| | § | |
| Defendants. | § | |

**LIST OF COUNSEL OF RECORD**

Graig J. Alvarez
ALVAREZ STAUFFER BREMER PLLC
815 Walker Street, Suite 1450
Houston, TX 77002
Telephone: (713) 351-0300
Facsimile: (713) 351-0320
Graig.alvarez@asb.legal

Attorneys for Plaintiff

Collin J. Cox
Reagan W. Simpson
Autry W. Ross
Amy C. Farish
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas  77002
Telephone: (713) 632-8000
Facsimile: (713) 632-8002
ccox@yettercoleman.com
rsimpson@yettercoleman.com
aross@yettercoleman.com
afarish@yettercoleman.com

Attorneys for IFS North America, Inc.

2/2/2021                              Office of Harris County District Clerk - Marilyn Burgess

| **HCDistrictclerk.com** | ARCHROCK SERVICES LP vs. IFS NORTH AMERICA INC | 2/2/2021 |

Cause: 202071443      CDI: 7      Court: 334

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 94167499 | Answer to Original Petition | | 01/29/2021 | 3 |
| 92961150 | PLAINTIFF'S ORIGINAL PETITION | | 11/05/2020 | 15 |
| -> 92961151 | Civil Case Information Sheet | | 11/05/2020 | 1 |

APP002

11/5/2020 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47852160
By: Patricia Jones
Filed: 11/5/2020 3:08 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ARCHROCK SERVICES, L.P.** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **IFS NORTH AMERICA, INC.,** | § | |
| **PROV INTERNATIONAL, INC.,** | § | |
| **JOSHUA WARREN, and ANDREW** | § | **_____JUDICIAL DISTRICT** |
| **RITT,** | § | |
| **Defendants** | § | |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Archrock Services, L.P. files this original petition against defendants IFS North America, Inc., ProV International, Inc., Joshua Warren, and Andrew Ritt.

**DISCOVERY CONTROL PLAN**

1.     Plaintiff believes that discovery should be conducted in accordance and requests that the Court, after discussions with the parties, enter a Level 3 Discovery Control Plan, as contemplated by Texas Rule of Civil Procedure 190.4.

**PARTIES**

2.     Plaintiff Archrock Services, L.P. ("Archrock" or "Plaintiff") is a Delaware limited partnership. Archrock is licensed to do business in Texas and maintains a principal place of business at 9807 Katy Frwy Ste 100, Houston, TX 77024.

3.     Defendant IFS North America, Inc. ("IFS") is a foreign corporation with its principal place of business in Itasca, Illinois. IFS currently is engaged in, and at all times material to this lawsuit was engaged in, business in Texas and maintains an office at 433 East Las Colinas Blvd. Irving, TX 75039. Despite reasonable diligence, IFS' current registered agent in Texas cannot be located with the Texas Secretary of State. Accordingly, pursuant to Section 5.251 of the Texas Business Organizations Code and Section 17.044 of the Texas Civil Practice and Remedies

Certified Document Number: 92961150 - Page 1 of 15

Code, the Secretary of State is IFS' agent for service of process in this case. *See* Tex. Bus. Orgs. Code § 5.251(1)(A) (stating "The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if: (1) the entity is a filing entity or a foreign filing entity and: (A) the entity…does not maintain a registered agent in this state."); *See also* Tex. Civ. Prac. & Rem. Code § 17.044(a)(1) (stating "The secretary of state is an agent for service of process or complaint on a nonresident who (1)…engages in business in this state, but has not designated or maintained a resident agent for service of process.). Service of Citation and Petition in this case may be effected upon the Secretary of State of Texas by delivering to and leaving with her, or the Assistant Secretary of State, or with any clerk having charge of the Corporation Department of her office, duplicate copies of Citation and this Petition. Thereafter, the Secretary of State shall immediately cause copies of such Petition and Citation to be forwarded by registered mail addressed to IFS North America, Inc. at its registered office as follows: Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

4.      Defendant ProV International, Inc. ("ProV") is a Delaware corporation with its principal place of business in Tampa, Florida. Upon information and belief, ProV is an independent contractor of IFS. IFS and ProV have worked together on numerous similar projects prior to working on Project EDGE. ProV does not maintain a regular place of business or a registered agent in Texas but does business in Texas, including the activities described in this petition. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, the Secretary of State is ProV's agent for service of process in this case. *See* Tex. Civ. Prac. & Rem. Code § 17.044(b) (stating "The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and

Certified Document Number: 92961150 - Page 2 of 15

to which the nonresident is a party.")  Service of Citation and Petition in this case may be effected upon the Secretary of State of Texas by delivering to and leaving with her, or the Assistant Secretary of State, or with any clerk having charge of the Corporation Department of her office, duplicate copies of Citation and this Petition. Thereafter, the Secretary of State shall immediately cause copies of such Petition and Citation to be forwarded by registered mail addressed to ProV International, Inc. at its registered office as follows: Natalie Sulimani, 5401 W. Kennedy Blvd., Suite 100, Tampa, FL 33609.

5.      Defendant Joshua Warren ("Warren") is an individual residing in Texas. He may be served at his residential address of 8224 Paisley, The Colony, TX 75056.

6.      Defendant Andrew Ritt ("Ritt") is an individual residing in Texas. He may be served at his residential address of 1806 Cottonwood Valley Cir. S., Irving, TX 75038.

## JURISDICTION AND VENUE

7.      The damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief over $1,000,000. T.R.C.P. 47(c).

8.      Venue is proper in Harris County, Texas, because a substantial part of the events or omissions giving rise to Archrock's claims arose in Houston, Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002. Further, this Court has jurisdiction to hear this case because no diversity jurisdiction exists.

## FACTS

9.      Archrock is an energy infrastructure company with a focus on providing midstream natural gas compression and related services to oil and gas operations across the United States.

10.     In June 2018, Plaintiff evaluated certain vendors to respond to its request for proposal ("RFP") concerning the FP&T Mobile Application Workstream (later designated as "Archrock Field Mobile" or "AFM"). The AFM tool was one part of a larger integrated system

**Page 3 of 15**

designed to increase the efficiency of Archrock's workflow from the field to the principal office and all functions in between. Archrock designated this expensive and important effort as Project EDGE.

11.     As part of the bid process, Archrock provided comprehensive and proprietary competitive business information to potential vendors concerning Archrock's use cases and requirements to prepare their response to Archrock's RFP. As a potential vendor, defendants IFS and Ritt submitted several responses to Archrock that were by all appearances IFS' work product and evaluation of the AFM project. Archrock was not aware that IFS was secretly using ProV and Warren to evaluate and respond to Archrock's RFP and to develop the proof of concept demo.

12.     On or about December 21, 2018, IFS presented Archrock with, and obtained the execution of, the "IFS Agreements" between "IFS North America, Inc." and "Archrock Services, L.P.". Prior to the execution of the IFS Agreements, IFS and Archrock communicated frequently, during which period IFS and defendant Ritt made numerous representations concerning the work, IFS' expertise, the IFS Field Service Management solution ("FSM") and how FSM would be the best option to develop and implement Archrock's AFM tool for Project EDGE.

13.     Archrock was led to believe that IFS performed the precontract due diligence and prepared all responses to Archrock's RFP, including all estimates regarding customizations, implementation timelines, and additional information needed to evaluate the AFM project. Archrock relied on what it believed to be IFS' expertise, experience, and representations in response to the RFP. These factors were material and induced Archrock to enter into the IFS Agreements. Unknown to Archrock at the time, ProV and Warren provided much, if not all, of the evaluation of the AFM project both during the precontract bid phase and after the project started.

Certified Document Number: 92961150 - Page 4 of 15

14.     Unfortunately for Archrock, the response to its RFP from IFS contained numerous misrepresentations which arose from either the Defendants failing to exercise the requisite care or from the Defendants' knowing, intentional, or careless misrepresentations of material facts. For example, during this precontract bid stage IFS first represented to Archrock that the AFM system would "Go-Live" within eight months from the date the project was initiated. IFS later confirmed that the AFM system would "Go-Live" in a reduced six-month timeframe after Archrock stressed the need to comply with the integration schedule for the larger Project EDGE system. Based upon this precontract "modeling," and IFS' assurances that the six-month timeline was acceptable, an initial "Go-Live" date of August 5, 2019 was set. Additionally, IFS represented that it had the ability to leverage the work undertaken in developing the demo proof-of-concept to "get Archrock live faster on a Minimum Viable Product (MVP) release." Defendants knew or had reason to know that the representation regarding the Go-Live date and ability to leverage from the work done from the POC demonstrations, among other representations, were false and that Archrock relied on those representations to enter into the IFS Agreements.

15.     After execution of the IFS Agreements, the implementation did not go well. Among other things, IFS was awarded its role to develop and implement the AFM because it represented to Archrock that:

> IFS offers a full range of capabilities to assist our customers implement successfully. IFS has Implementation Managers that help plan and lead the implementation. Solution Architects are responsible for ensuring the solution defined fits your organization. Business Consultants with expertise in specific areas provide training, consulting and support throughout the implementation. Technical Consultants support the infrastructure, installation, system administration, security, interfaces, master data, data migration and customization needs. IFS also provides management resources to participate on the Steering Committee. IFS and its partners are staffed with personnel who have many years of subject matter and implementation expertise, as well as deep knowledge of IFS.

Page **5** of **15**

IFS unilaterally delegated the most important project responsibilities to ProV employees without giving prior notice to Archrock. At no time during the bid stage did IFS disclose that ProV would provide the Project Manager, Solution Architect, and other technical personnel to execute the development and implementation of FSM.

16.     After the project was initiated on January 7, 2019, Defendants individually, and collectively, engaged in an intentional and strategic "lack of clarity" charade and were intentionally evasive in their responses to the Archrock project teams' inquiries and attempts to set project deadlines, deliverables, milestones, and "sprints." Emails would go untimely answered or completely unanswered. Direct questions would be ignored for weeks and when responses were provided, they were on many occasions inaccurate, misleading, or omitted material facts that should have been disclosed to Archrock. Defendants' failure or inability to respond to the Archrock's project teams' inquiries, in some instances, may have also been attributable to the lack of the expertise that they claimed to have or the failure to have the resources needed to design, develop, and implement FSM at Archrock.

17.     During the course of the implementation process, Defendants made further representations and omissions of material facts concerning the design, development, and implementation of the FSM system. On or about April 18, 2019, Archrock was advised that the August 5, 2019 Pilot "Go-Live" date was not going to be met and was then delayed *for the first time* to October 14, 2019.

18.     A couple of months later, on July 26, 2019, Archrock was told that the October 14, 2019 Pilot "Go-Live" date would not be met and was then delayed *for the second time* to October 28, 2019. Days later, on August 6, 2019, Archrock was informed that ProV had experienced delays

Certified Document Number: 92961150 - Page 6 of 15

and that the project Pilot "Go-Live" date would have to be pushed *for the third time* into January 2020.

19.     In November 2019, after continuous discussions with and "escalations" to IFS and ProV leadership about countless issues, including a lack of resources, missed deadlines, and substandard performance caused delays in the implementation of Project EDGE overall, Archrock issued the "Rules of Engagement." The "Rules of Engagement" sought to re-focus the efforts to obtain a successful completion of the FSM design, development, and implementation into the Archrock system.

20.     Unfortunately, the project continued to experience delays and setbacks and suffer from the same resource and technical issues despite IFS', ProV's, and Warren's assurances that they would meet their obligations and the extremely important Pilot "Go-Live" date. In fact, the "Go-Live" date was "re-baselined" *four more times* by the time Archrock terminated the project on July 24, 2020.

21.     The failure of Defendants to implement the IFS' Field Service Management system and integrate it into Project EDGE has caused Archrock to essentially start from scratch. Due to the malfeasance and deception of Defendants, Archrock has and will continue to incur millions of dollars in mitigation expenses, out-of-pocket damages, and consequential damages.

22.     Plaintiff sues for all recoverable losses caused by Defendants and an award of exemplary damages, interest, and fees as permitted under applicable law.

Certified Document Number: 92961150 - Page 7 of 15

APP009

## CAUSES OF ACTION

23.     Plaintiff pleads the following claims and causes of action in this matter. Plaintiff reserves the right to amend, supplement, withdraw, or assert any claim or cause of action in the alternative, as a matter of right.

### *Fraudulent Inducement*

24.     Plaintiff incorporates all prior paragraphs into this section as if fully set forth herein in support of the factual contentions underlying all claims and causes of action.

25.     Plaintiff alleges that elements of fraudulent inducement are supported, in whole or in part, by circumstantial evidence and direct evidence in this case as recognized under Texas law:

> *Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations. As a rule, a party is not bound by a contract procured by fraud. E.g., Prudential Ins. Co. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 162 (Tex. 1995); Weitzel v. Barnes, 691 S.W.2d 598, 601 (Tex. 1985); Town North Nat'l Bank v. Broaddus, 569 S.W.2d 489, 491 (Tex. 1978); Dallas Farm Mach. Co. v. Reaves, 158 Tex. 1, 307 S.W.2d 233, 239 (Tex. 1957). Moreover, it is well established that the legal duty not to fraudulently procure a contract is separate and independent from the duties established by the contract itself.*

*Formosa Plastics Corp. United States v. Presidio Eng'rs & Contractors*, 960 S.W.2d 41, 46 (Tex. 1998).

26.     Plaintiff alleges that Defendant IFS induced Plaintiff to execute the IFS Agreements. Plaintiff further alleges that defendants ProV, Warren, and Ritt were participants or beneficiaries of the fraudulent conduct and conspired with IFS to fraudulently induce Archrock to enter into the IFS Agreements. Plaintiff alleges that it was not provided with full knowledge of material facts prior to entering into the IFS Agreements and was further not provided with full knowledge of material facts when it permitted Defendants to continue to work on the design, development, and implementation of the FSM for Archrock's AFM tool.

Certified Document Number: 9296I150 - Page 8 of 15

27.     IFS fraudulently induced Archrock to enter into the IFS Agreements by making multiple misrepresentations of material fact to Archrock and failing to disclose material facts when they had a duty to do so regarding, inter alia, IFS' purported knowledge, skill, expertise, and experience; the ability to leverage off of the proof of concept demo and FSM to reduce development time and effort; the ability to meet the initial, and all subsequent, Pilot Go-Live dates and other project milestones and deadline(s); the amount of customization required; representing that IFS would have a "mutual collaboration" and would be "truly partnered" with Archrock in the development and implementation of AFM, but actually delegating its obligations to defendants ProV and Warren; and that the IFS Implementation Methodology would provide a successful and timely delivery of the FSM platform.

28.     These misrepresentations were statements of fact, opinions known to be false, and opinions based on Defendants' special knowledge and expertise, upon which Archrock relied. Defendants' conduct was also deceptive and fraudulent.

29.     Defendants made such misrepresentations either knowingly, with a clear understanding of their falsity when made, or recklessly without knowledge of their truth and benefited from the misrepresentations. Defendants failed to disclose material information to Archrock knowing that Archrock was unaware of the facts.

30.     Defendants intended for Archrock to rely upon their representations and nondisclosures and Archrock justifiably relied upon these material misrepresentations and nondisclosures in entering into the IFS Agreements and subsequent Statements of Work and embarking on the expensive project with Defendants.

31.     As a result of Defendants' knowingly false or reckless misrepresentations and nondisclosures, Archrock has been damaged, and it continues to be damaged. Archrock has

Certified Document Number: 92961150 - Page 9 of 15

suffered out-of-pocket damages, reliance damages, and consequential damages that were foreseeable as a result of Defendants' fraud. In the alternative, Plaintiff seeks an award for its benefit of the bargain damages and requests that the Court award which remedy gives Plaintiff the greatest recovery.

32.     The conduct of the Defendants rises to the level of conscious indifference to the rights of Archrock and constitutes and supports a claim for exemplary damages.

***Civil Conspiracy***

33.     Plaintiff incorporates all prior paragraphs into this section as if fully set forth herein in support of the factual contentions underlying all claims and causes of action.

34.     Plaintiff alleges that elements of civil conspiracy are supported, in whole or in part, by circumstantial evidence and direct evidence in this case as recognized under Texas law:

> ***When men enter into conspiracies, they are not likely to call in a witness * * * In such cases the injured party must necessarily have recourse to circumstantial evidence. For it is only by the inferences and deductions which men properly and naturally draw from the acts of others in such cases, that their intentions can be ascertained. They are not likely to proclaim them in the hearing of witnesses.***

*Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 581 (Tex. 1963) (quoting *Jernigan v. Wainer*, 12 Tex. 189, 193 (Tex.1854)).

35.     Defendants conspired with one another to fraudulently induce Archrock to enter into the IFS Agreements, SOWs, and additional agreements and understandings during the course of the failed project. Defendants are jointly and severally liable for the acts of each other because they acted in combination to achieve a common goal and joined together in a conspiracy to induce Archrock to enter into the IFS Agreements, SOWs, and additional agreements and understandings.

36.     Defendants IFS, ProV, Ritt, and Warren were members of the conspiracy, the object of which was to accomplish an unlawful purpose or a lawful purpose by unlawful means, such as

Certified Document Number: 92961150 - Page 10 of 15

fraudulent inducement as well as the other unlawful means pleaded herein; they had a meeting of the minds on the object or course of action; one or both of them committed an unlawful, overt act to further the object or course of action, including but not limited to concealing ProV's involvement in the bid phase and the true status of the development of AFM; and Plaintiff suffered injury as a proximate result of the wrongful act.

## *Negligence*

37.     Plaintiff incorporates all prior paragraphs into this section as if fully set forth herein in support of the factual contentions underlying all claims and causes of action.

38.     Defendants owed Archrock a duty to evaluate, design, and prepare responses to Archrock's RFPs and inquiries in the precontract bid phase in accordance with the standards of care for such professionals providing such services for clients such as Archrock.

39.     Defendants breached this duty by failing to adequately conduct due diligence, failing to staff the IFS sales cycle team properly, and failing to size, design, and plan for the Archrock project in the precontract bid phase.

40.     As a result of the breach of duties described herein, among others, Archrock has incurred damages for which it now sues.

41.     The conduct of the Defendants rises to the level of conscious indifference to the rights of Archrock and constitutes and supports a claim of gross negligence.

## *Negligent Misrepresentation*

42.     Plaintiff incorporates all prior paragraphs into this section as if fully set forth herein in support of the factual contentions underlying all claims and causes of action.

Certified Document Number: 92961150 - Page 11 of 15

43.     Plaintiff alleges that elements of the tort of negligence misrepresentation are supported by the actions and omissions of Defendants both during the precontract and development phases under Texas law:

> *Texas has long recognized a cause of action for the tort of negligent misrepresentation, or negligently supplying information for the guidance of others, in which a plaintiff must prove that: (1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, made a representation, (2) the defendant supplied "false information" for the guidance of another in the other's business, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.*

*See Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (citing RESTATEMENT (SECOND) OF TORTS Restatement (Second) of Torts § 552(1) (1977)).

44.     As a result of Defendants' negligent misrepresentations, Archrock has suffered damages. It was foreseeable to Defendants that Archrock would suffer injury to its business relationships, its efficiencies, its competitiveness and its profitability, and that Archrock would be forced to utilize other and additional consultants to fix the problems Defendants caused to the AFM and Project EDGE, as well as other damages.

45.     Because Defendants were grossly negligent in making misrepresentations to Archrock, they should also be held responsible for all exemplary and punitive damages necessary to deter them from committing similar acts and inflicting damage on other companies in the future.

46.     Plaintiff seeks reliance and all other damages that are available for the negligent misrepresentations made by Defendants.

### *Breach of Contract*

47.     Plaintiff incorporates all prior paragraphs into this section as if fully set forth herein in support of the factual contentions underlying all claims and causes of action.

Certified Document Number: 92961150 - Page 12 of 15

48.     IFS and Archrock entered into the IFS Agreements, SOWs, and additional agreements and understandings wherein IFS agreed and was obligated to provide Archrock with a fully functioning IFS Field Service Management system capable of meeting Archrock's business requirements, complete the project on time and on budget, provide individual resources who would not delay the completion of the project, provide ongoing project management, and provide support during all phases of the development, implementation, and operation of the IFS Field Service system as Archrock's AFM tool for Project EDGE.

49.     As a result of IFS' material breaches of the IFS Agreements, SOWs, and additional agreements and understandings, Archrock has been damaged and continues to suffer damages.

## EXEMPLARY DAMAGE CAP EXEMPTION

50.     Plaintiff incorporates all prior paragraphs into this section as if fully set forth herein in support of the factual contentions underlying this claim or cause of action.

51.     The limitations on proportionate responsibility and exemplary damages under Chapters 33 and 41 of the Texas Civil Practices and Remedies Code, respectively, do not apply to Defendants IFS and ProV because each such Defendant, with the specific intent to do harm to Plaintiff, acted in concert with another person to engage in the foregoing conduct, without limitation secured execution of agreements between Plaintiff and Defendant IFS by deception to further a scheme to defraud Plaintiff and the value of the pecuniary interest affected is more than $1,500.00 in violation of Section 32.46 of the Texas Penal Code.

## TOLLING

52.     In the event that any of the claims or causes of action brought by Plaintiff herein or yet to be brought herein are subject to an affirmative defense under a statute of limitations, the doctrines of fraudulent concealment and the discovery rule and equitable tolling are asserted and should be applied to toll the accrual of such claims or causes of action.

## NON-ELECTION OF REMEDIES

53.     Plaintiff pleads the foregoing causes of action alternatively and they are not intended to be, and should not be construed as, an election of remedies or theories of recovery.

## JURY TRIAL

54.     Plaintiff requests a jury trial.

## RULE 194 REQUESTS FOR DISCLOSURE

55.     Pursuant to Rule 194, request is made that each Defendant disclose, within fifty (50) days of service, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, and that Plaintiff have a judgment against them, jointly and severally, for the following:

1.     actual damages,

2.     out-of-pocket damages, reliance damages, consequential damages, incidental damages, and/or special damages, including but not limited to lost profits, delay damages and mitigation expenses for fraudulent inducement;

3.     costs to replace FSM;

4.     exemplary damages;

5.     costs of suit;

6.     attorney's fees;

7.     prejudgment and post-interest in the highest amount permitted by law; and

8.     all other relief to which Plaintiff may show itself justly entitled to receive.

Certified Document Number: 92961150 - Page 14 of 15

APP016

Respectfully submitted,

**ALVAREZ STAUFFER BREMER PLLC**

By /s/ *Graig J. Alvarez*
    Graig J. Alvarez
    Attorney-in-Charge
    Graig.Alvarez@asb.legal
    State Bar No. 24001647
815 Walker St., Suite 1450
Houston, Texas 77002
Telephone: 713-351-0300
Telecopier: 713-351-0320
**Attorney-in-Charge for Plaintiff**



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   November 16, 2020

Certified Document Number:        92961150 Total Pages:  15

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

APP018

CIVIL CASE INFORMATION SHEET (REV. 2/13)

11/5/2020 3:08:01 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 47852160
By: JONES, PATRICIA D
Filed: 11/5/2020 3:08:01 PM

CAUSE NUMBER (FOR CLERK USE ONLY): _____     COURT (FOR CLERK USE ONLY): _____

STYLED   Archrock Services, L.P. vs. IFS North America, Inc., ProV International, Inc., Joshua Warren and Andrew Ritt
(e.g. John Smith v. All American Insurance Co.; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Graig Alvarez  Email: graig.alvarez@asb-lawfirm.com | Plaintiff(s)/Petitioner(s): Archrock Services, L.P. | ☒ Attorney for Plaintiff/Petitioner ☐ Pro Se Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| Address: 815 Walker St. Suite 1450  Telephone: 713-351-0300 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, TX 77002  Fax: 713-351-0320 | Defendant(s)/Respondent(s): IFS North America, Inc.  ProV International, Inc.  Joshua Warren and Andrew Ritt | Custodial Parent:  Non-Custodial Parent:  Presumed Father: |
| Signature: /s/ Graig Alvarez  State Bar No: 24001647 | [Attach additional page as necessary to list all parties] | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract* ☐ Consumer/DTPA ☐ Debt/Contract ☒ Fraud/Misrepresentation ☐ Other Debt/Contract: | ☐ Assault/Battery ☐ Construction ☐ Defamation *Malpractice* ☐ Accounting ☐ Legal ☐ Medical ☐ Other Professional Liability: | ☐ Eminent Domain/ Condemnation ☐ Partition ☐ Quiet Title ☐ Trespass to Try Title ☐ Other Property: | ☐ Annulment ☐ Declare Marriage Void *Divorce* ☐ With Children ☐ No Children | ☐ Enforcement ☐ Modification—Custody ☐ Modification—Other |
| *Foreclosure* ☐ Home Equity—Expedited ☐ Other Foreclosure ☐ Franchise ☐ Insurance ☐ Landlord/Tenant ☐ Non-Competition ☐ Partnership ☐ Other Contract: | ☐ Motor Vehicle Accident ☐ Premises *Product Liability* ☐ Asbestos/Silica ☐ Other Product Liability List Product: _____ ☐ Other Injury or Damage: | **Related to Criminal Matters** ☐ Expunction ☐ Judgment Nisi ☐ Non-Disclosure ☐ Seizure/Forfeiture ☐ Writ of Habeas Corpus— Pre-indictment ☐ Other: | **Title IV-D** ☐ Enforcement/Modification ☐ Paternity ☐ Reciprocals (UIFSA) ☐ Support Order  **Other Family Law** ☐ Enforce Foreign Judgment ☐ Habeas Corpus ☐ Name Change ☐ Protective Order ☐ Removal of Disabilities of Minority ☐ Other: | **Parent-Child Relationship** ☐ Adoption/Adoption with Termination ☐ Child Protection ☐ Child Support ☐ Custody or Visitation ☐ Gestational Parenting ☐ Grandparent Access ☐ Parentage/Paternity ☐ Termination of Parental Rights ☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination ☐ Retaliation ☐ Termination ☐ Workers' Compensation ☐ Other Employment: | ☐ Administrative Appeal ☐ Antitrust/Unfair Competition ☐ Code Violations ☐ Foreign Judgment ☐ Intellectual Property | ☐ Lawyer Discipline ☐ Perpetuate Testimony ☐ Securities/Stock ☐ Tortious Interference ☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal ☐ Tax Delinquency ☐ Other Tax | *Probate/Wills/Intestate Administration* ☐ Dependent Administration ☐ Independent Administration ☐ Other Estate Proceedings | ☐ Guardianship—Adult ☐ Guardianship—Minor ☐ Mental Health ☐ Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court ☐ Arbitration-related ☐ Attachment ☐ Bill of Review ☐ Certiorari ☐ Class Action | ☐ Declaratory Judgment ☐ Garnishment ☐ Interpleader ☐ License ☐ Mandamus ☐ Post-judgment | ☐ Prejudgment Remedy ☐ Protective Order ☐ Receiver ☐ Sequestration ☐ Temporary Restraining Order/Injunction ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Certified Document Number: 92961451 - Page 1 of 1

APP019



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 16, 2020

Certified Document Number:      92961151 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

APP020

1/29/2021 12:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50172021
By: SIMONE MILLS
Filed: 1/29/2021 12:09 PM

No. 2020-71443

| | | |
|---|---|---|
| ARCHROCK SERVICES, L.P., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| IFS NORTH AMERICA, INC., | § | |
| PROV INTERNATIONAL, INC., JOSHUA | § | |
| WARREN, and ANDREW RITT, | § | |
| | § | |
| Defendants. | § | 334th JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

Defendants IFS North America, Inc. and Andrew Ritt answer Plaintiff's Original Petition, as may later be amended or supplemented, as follows:

## GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants deny the allegations in Plaintiff's Original Petition, request Plaintiff prove them, and reserve their right to amend this Answer after the opportunity to investigate them further.

## AFFIRMATIVE DEFENSES AND STATEMENTS

1.      Plaintiff's petition fails to state a claim against defendants. For example, Plaintiff fails to allege an independent or personal duty of IFS's employees, agents, or contractors separate from IFS's contract and duties to Archrock.

2.      Plaintiff's claims are barred in whole or in part by:

   a.      Plaintiff's failure to follow dispute resolution procedures specified in the parties' contract;

   b.      Existence of the parties' contract, including disclaimers/limitations of liability and of reliance;

   c.      Waiver, ratification, estoppel;

Certified Document Number: 94167499 - Page 1 of 3

    d.       Frustration of purpose, prevention of performance;

    e.       Failure to mitigate, contributory or comparative fault, contributory negligence, new and independent cause.

3.       Plaintiff's claims for damages based on alleged negligence, misrepresentation, or other torts are barred by the economic loss doctrine.

4.       Plaintiff's liability and damages claims are governed, barred, and/or limited by Illinois law, as provided by the parties' agreement.

5.       None of plaintiff's claimed attorney fees are recoverable under Illinois law, Tex. Civ. Prac. & Rem. Code, or any other statute, contract, or law.  Plaintiff is not suing for a debt, but rather a refund of monies it knowingly and voluntarily paid over years.

6.        Plaintiff's damages, if any, were caused in whole or in part by the acts and omissions of plaintiff and/or third parties over whom defendants had no right to control, or were caused by the superseding and intervening acts of other parties, persons, or entities.

7.       Plaintiff's tort damages, if any, are subject to, barred and/or limited by Tex. Civ. Prac. & Rem. Code Chap. 33.

8.       To the extent plaintiff's alleged tort damages, if any, were or will be paid in settlements with other persons, its claims should be reduced by these settlements pursuant to common law and statutes, including Tex. Civ. Prac. & Rem. Code Chap. 33.

9.       The comparative fault of settling parties should be submitted to the jury, under the proportionate responsibility laws, including Tex. Civ. Prac. & Rem. Code Chap. 33.

10.     Defendants reserve their right to amend and supplement this answer.

Certified Document Number: 94167499 - Page 2 of 3

- 2 -

# PRAYER

Defendants pray that this Court render judgment that Plaintiff take nothing from Defendants and for such other and further relief, general or special, at law or in equity, including costs and attorney fees, to which they may be justly entitled.

Dated:  January 29, 2021                 Respectfully submitted,

/s/ *Collin J. Cox*_____
Collin J. Cox
State Bar No. 24031977
ccox@yettercoleman.com
Reagan W. Simpson
State Bar No. 18404700
rsimpson@yettercoleman.com
Autry W. Ross
State Bar No. 17283950
aross@yettercoleman.com
Douglas S. Griffith
State Bar No. 08479390
dgriffith@yettercoleman.com
Amy C. Farish
State Bar No. 24097818
afarish@yettercoleman.com
Cody T. Rutowski
State Bar No. 24119291
crutowski@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas  77002
(713) 632-8000

ATTORNEYS FOR IFS NORTH AMERICA, INC.
AND ANDREW RITT

## Certificate of Service

I hereby certify that on this 29th day of January, 2021, the foregoing was served by email and/or by electronic filing service on all counsel of record.

/s/ *Collin J. Cox*_____
Collin J. Cox

- 3 -

Certified Document Number: 94167499 - Page 3 of 3

APP023



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 2, 2021

Certified Document Number:        94167499 Total Pages:  3

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

APP024