United States District Court
Southern District of Texas
**ENTERED**
September 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHROCK SERVICES LP, | § | CIVIL ACTION NO. |
| | § | 4:21-cv-00417 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PROV INTERNATIONAL INC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER DENYING MOTION TO REMAND**

The motion by Plaintiff Archrock Services, LP to remand this action to Texas state court is denied. Dkt 11. Archrock has improperly joined Defendants ProV International Inc, Joshua Warren, and Andrew Ritt, and so the claims against them are dismissed without prejudice.

The motion to dismiss by ProV and Warren is denied as moot. Dkt 2.

1.  Background

Archrock is an energy infrastructure company. It filed its original complaint in state court in November 2020 and asserted a claim for breach of contract against Defendant IFS North America Inc. Dkt 1-2. Archrock alleges (among other things) that IFS failed to perform on a project to design and construct an application related to oil and gas technology. Id at ¶¶ 47–49.

Archrock also brought an array of tort claims against IFS, ProV, Warren, and Ritt for fraudulent inducement, civil conspiracy, negligence, and negligent misrepresentation. Id at ¶¶ 24–46. Archrock claims that IFS represented that it alone would perform the pertinent work, but then hired ProV as a subcontractor. Archrock also sues Ritt (an IFS employee), alleging that he represented that IFS wouldn't use subcontractors.

And it sues ProV and Joshua Warren (a ProV employee), alleging that they're liable for their role in performing the design and construction work.

IFS removed the action in February 2021, asserting improper joinder of ProV, Warren, and Ritt. Dkt 1. Archrock is a Delaware corporation with its principal place of business in Katy, Texas. Dkt 1-2 at 5. IFS is incorporated in Wisconsin, with its principal place of business in Illinois—meaning that complete diversity exists between it and Archrock. Dkt 1 at 1. But ProV is incorporated in Delaware, and Ritt and Warren are Texas citizens. Id at 2. As such, they share citizenship with Archrock, which would destroy the requisite complete diversity of citizenship. See *Strawbridge v Curtis*, 7 US 267 (1806).

Archrock moved to remand. Dkt 11. ProV and Warren moved to dismiss. Dkt 2. Ritt also seeks dismissal from this action in his response to the motion to remand. See Dkt 15 at 17.

2.  Improper joinder

The dispositive issue is whether ProV, Warren, and Ritt (as the non-diverse defendants) were improperly joined. If they were, the motion to remand must be denied, with the claims against the improperly joined parties dismissed without prejudice and attendant motions to dismiss denied as moot. *International Energy Ventures Management LLC v United Energy Group Ltd*, 818 F3d 193, 208–10 (5th Cir 2016) (citations omitted).

Improper joinder occurs when a plaintiff joins a party who isn't a proper defendant, thereby destroying diversity jurisdiction in the federal courts. See generally Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3723.1 (West 4th ed 2010); see also *Arias v Zachry LLC*, --- F Supp 3d ---, 2021 WL 1230102, *1 (SD Tex). The removing party must conclusively prove that the plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Smallwood v Illinois Central Railroad Co*, 385 F3d 568, 573 (5th Cir 2004, *en banc*).

In short, any pleaded claim must be sufficient to withstand challenge under Rule 12(b)(6). See *International Energy Ventures Management*, 818 F3d at 199–200. A district court must determine if there exists a reasonable basis to predict that a plaintiff might recover through application of the federal pleading standards.

2

Id at 203. And by these standards, none of the claims asserted by Archrock against ProV, Warren, or Ritt can proceed as pleaded.

*As to conspiracy and fraudulent inducement.* A conspiracy claim is derivative and must by its nature be based on an underlying, valid claim of an intentional tort that has caused damages. For example, see *Agar Corp v Electro Circuits International*, 580 SW3d 136, 142 (Tex 2019). Archrock appears to contend that it has stated valid claims for civil conspiracy simply by having *pleaded* the fraudulent inducement claim. See Dkt 11 at 17–18; Dkt 22 at 7–8. But the complaint as to that claim is utterly deficient, failing to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Hermann Holdings Ltd v Lucent Technologies Inc*, 302 F3d 552, 564–65 (5th Cir 2002) (quotations omitted).

The fraudulent inducement claim is also barred by the economic loss doctrine. That doctrine will "preclude tort claims brought to recover economic losses when those losses are the subject matter of a contract." *Pugh v General Terrazzo Supplies Inc*, 243 SW3d 84, 90 (Tex App—Houston [1st Dist] 2007, pet denied). "Simply stated, under the economic loss rule, a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim." *Sterling Chemicals Inc v Texaco Inc*, 259 SW3d 793, 796 (Tex App—Houston [1st Dist] 2007, pet denied) (citations omitted). "Texas courts have applied the economic loss rule to preclude tort claims between parties who are not in contractual privity." Id at 797 (collecting cases). And so, "if a plaintiff only seeks to recover for the loss or damage to the subject matter of a contract, he cannot maintain a tort action against a defendant." Id at 796, citing *Southwestern Bell Telephone Co v DeLanney*, 809 SW2d 493, 494 (Tex 1991).

Archrock makes no showing of independent economic loss. It does plead that it seeks "out-of-pocket damages, reliance damages, and consequential damages or in the alternative benefit of the bargain damages" resulting from any such fraud. Dkt 1-2 at ¶ 31. But that's conclusory and insufficient to identify what damages (if any) were suffered apart from the breach of contract

claim it asserts against IFS.

As such, and for two independent reasons, there exists no reasonable basis to predict that Archrock could recover as against any Defendant on the fraudulent inducement claim as pleaded. And so, the civil conspiracy claim as stated against ProV, Warren, and Ritt also fails.

*As to negligent misrepresentation.* What's been said above about the economic loss doctrine pertains equally to the negligent misrepresentation claim.

Beyond that, there's also no reasonable basis to predict that Archrock might recover on its negligent misrepresentation claim based on acts committed before contract formation as to each of ProV, Warren, and Ritt. Such a misrepresentation involves supplying "false information about an existing fact," but it doesn't involve making "false promises of future conduct." *First Bank v Brumitt*, 564 SW3d 491, 495 (Tex App—Houston [14th Dist] 2018, no pet) (citations omitted).

With respect to ProV and Warren, Archrock alleges that they developed the proof-of-concept demo and "provided much, if not all, of the evaluation of the AFM project." See Dkt 1-2 at ¶¶ 11–13. Archrock argues that these documents themselves constitute misrepresentations because IFS sent them to Archrock under IFS's name. See Dkt 11 at 10–12. But none of the documents prepared by ProV and Warren represented either that they *were* prepared by IFS or that they *were not* prepared by subcontractors. And so, they didn't provide "false information about an existing fact." *First Bank*, 564 SW3d at 495 (citations omitted). Archrock attempts to bolster the claim beyond its actual complaint by referring to an internal email among *its own* employees. Dkt 11 at 11–12; see also Dkt 11-7. That is, of course, inadmissible at this stage. But even on its own terms (and assuming that such self-serving hearsay would ever be appropriate for consideration), the email refers to recommendations made by ProV that can only be seen as predictions of future conduct, rather than requisite misstatements of existing fact.

With respect to IFS and Ritt, Archrock first argues that IFS (through Ritt) represented that it wouldn't use subcontractors on

the project at issue. Archrock alleges that Ritt made "numerous representations" concerning the project work as well as "IFS' expertise." Dkt 1-2 at ¶ 12. It also alleges that IFS (again through Ritt) submitted preliminary documents that purported to be IFS's work, but which were actually prepared by ProV. Id at ¶ 13. Archrock further points to two allegedly misleading email exchanges, claiming that they constitute actionable misrepresentations. One is an email exchange where Ritt asked an Archrock employee to meet and discuss "what we're putting together for the POC [proof of concept]." Dkt 11-8 at 1. Archrock claims that the pronoun "we" implies that only IFS was "putting together" the proof of concept. See Dkt 11 at 14. Another is a revision that IFS made to its implementation proposal at Archrock's request. The new draft included language providing that the project would include "a partnering strategy where IFS and Archrock resources work together hand-in-hand to deliver the most effective solution possible." Dkt 11-9 at 3. Archrock says the partnering language implied that IFS wasn't going to use subcontractors. See Dkt 11 at 15–16.

As against Ritt in his personal capacity, the claim simply can't go forward. A company is liable under a *respondeat superior* theory for the torts committed by its agents when they act within the scope of their employment. For example, see *Los Compadres Pescadores LLC v Valdez*, 622 SW3d 771, 779 (Tex 2021) (citations omitted). But more, under Texas law, agents acting within the scope of their employment *are not* liable for their negligence unless they owe the plaintiff a duty of care independent of that owed by the company. See *Leitch v Hornsby*, 935 SW2d 114, 117 (Tex 1996), citing Restatement (Second) of Agency §§ 343, 350 (1958) (other citations omitted). Artifice of pleading an action against an employee to destroy diversity as to the real claim against the employer isn't tolerated. See *Nelson v McNeil Brothers Texas Paving Inc*, 2021 WL 3285330, *2 (SD Tex), citing *Kopczynski v Wal-Mart Stores Texas, LP*, 2011 WL 902237 (SD Tex).

Beyond this, none of these allegations tend to show that IFS (through Ritt) provided "false information about an existing fact." *First Bank*, 564 SW3d at 495 (citations omitted). As pleaded,

neither IFS nor Ritt at any point represented to Archrock that IFS was *not* going to use subcontractors. Ritt's representation that IFS has expertise in the pertinent field doesn't imply that IFS doesn't use subcontractors. Neither does his submitting documents that may have been prepared by ProV. And Archrock's arguments based on the email and implementation proposal border on frivolous. Ritt's use of the word "we" in his email and including the partnering language are in no way affirmative representations that IFS wasn't going to use subcontractors.

Accordingly, there's no reasonable basis to predict that Archrock might recover on its negligent misrepresentation claim under Texas law.

*As to negligence.* Beyond its breach of contract claim, Archrock's entire complaint is best described as *makeweight*—lengthy, to be sure, but without saying much of meaning, while simply trying to scare an adversary with assertion of putative claims in tort. In line with this observation, Archrock doesn't really explain what its negligence claim purports to address. Dkt 1-2 at ¶¶ 37–41. And it appears to concede in briefing that its negligence and negligent misrepresentation claims are essentially the same. For example, it explains that both claims are based on the same legal duty—the duty "to use reasonable care when supplying information in the course of its business for the guidance of others in their business." Dkt 11 at 8, quoting *Correct RX Pharmacy Services*, 945 F3d at 430 (citations omitted); see generally id at 8–10.

To that extent, the negligence claim fails for all of the reasons just stated as to the negligent misrepresentation claims. To the extent any other basis is intended, the allegations are deficient and conclusory. Thus, as with the previous claims, there exists no reasonable basis to predict that Archrock could recover on its negligence claim under Texas law.

### 3.  Leave to replead

The foregoing means several things in turn. First, IFS has established that there exists no reasonable basis to predict that Archrock could recover as against ProV, Warren, or Ritt. Second, removal was proper because those three were improperly joined.

Third, the motion to remand by Archrock must be denied. Fourth, the only remaining claim in this action is for breach of contract as against IFS.

Archrock expressed its intention at hearing to seek leave to replead its claims against ProV, Ritt, and Warren, were they dismissed from this action. Such leave is granted. But when doing so, Archrock should keep several things in mind.

ProV, Ritt, and Warren are being dismissed from this action as improperly joined. And *improper joinder* was previously known in this circuit as *fraudulent joinder*, which nomenclature changed only over strong dissent. *Smallwood*, 385 F3d at 585 (Smith dissenting). But whether deemed *improper* or *fraudulent*, it suggests that the limits of Rule 11 may be near. And so Archrock should consider not simply the requirements of Rules 8 and 12, but also those of Rule 11. Any further improper attempt to join them will without question result in the shifting of fees attributable to motion practice in that regard. And other sanctions as directly against counsel sponsoring any such improper pleading will also be entertained.

Other Fifth Circuit requirements will also pertain to any such further pleading attempt. Ordinarily, a district court "should freely give leave [to amend] when justice so requires." FRCP 15(a)(2). But the posture here presents a special case because any attempt now to replead and add ProV, Ritt, and Warren back in will destroy diversity of citizenship. "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will." *Hensgens v Deere & Co*, 833 F2d 1179, 1181 (5th Cir 1987), citing *Owen Equipment & Erection Co v Kroger*, 437 US 365, 374 (1978). The Fifth Circuit thus instructs district courts to scrutinize a proposed amendment "more closely than an ordinary amendment" where a plaintiff seeks leave to join defendants whose presence would destroy complete diversity. *Hensgens*, 833 F2d at 1182.

Specifically, the court must "balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits," ultimately determining whether "justice requires" that leave to amend be allowed. Ibid. The court looks to four factors in that analysis:

o  *First,* the extent to which the purpose of the amendment is to defeat federal jurisdiction;

o  *Second,* whether plaintiff has been dilatory in asking for amendment;

o  *Third,* whether plaintiff will be significantly injured if amendment isn't allowed; and

o  *Fourth,* any other factors bearing on the equities.

Ibid, citing FRCP 15(a), 20.

These factors naturally pertain in this procedural posture. See *Arrington v Jackson National Life Insurance Co*, 2018 WL 5298388, *1–2 (ND Tex); *Riley v Amazom.com*, 2018 WL 507437, *2–4 (SD Tex); *Haisley v Reeder*, 2021 WL 62399, *2–4 (ED Tex). Archrock must specifically address them on any attempt seeking leave to amend.

4.  Conclusion

The motion by Plaintiff Archrock Services, LP to remand this action to Texas state court is DENIED. Dkt 11.

The claims against Defendants ProV International Inc, Joshua Warren, and Andrew Ritt are DISMISSED WITHOUT PREJUDICE.

The motion to dismiss by Defendants ProV International Inc and Joshua Warren is DENIED AS MOOT. Dkt 2.

Archrock must file any motion seeking leave to amend its complaint by October 22, 2021, if at all.

SO ORDERED.

Signed on September 30, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

8